HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSIP and EILEEN DVORNEKOVIC, | Case No. CV 10-5028RBL |
| Plaintiff, | |
| v. | ORDER GRANTING WACHOVIA MORTGAGE'S MOTION TO DISMISS |
| WACHOVIA MORTGAGE, a North Carolina corporation, et al., | |
| Defendants. | |

## I.  OVERVIEW

This matter came before the Court on Defendant Wachovia Mortgage's Motion to Dismiss.  Dkt. #30.   For the reasons set forth below, the Court GRANTS Defendant's motion and Plaintiffs' claims are DISMISSED WITH PREJUDICE.

The case arises from Wachovia's foreclosure on the Plaintiffs' home. The Dvornekovics allege that Wachovia engaged in deceptive and unfair business practices and violated state and federal law.  The Dvornekovics' original complaint contained a number of federal and state law claims, but in their amended answer to Wachovia's Motion to Dismiss, the Dvornekovics concede dismissal of all state law claims except breach of contract and unfair business practices. Dkt. #33.   According to the Dvornekovics, Wachovia breached its contract with them and engaged in unfair business practices by: never giving the Dvornekovics a cash receipt for the loan, selling the promissory note, using the money from the sale of the note to fund the

Dvornekovics' loan, not disclosing that they intended to sell the note, and not paying the Dvornekovics the alleged profits Wachovia earned from the foreclosure sale of the home.

Wachovia seeks dismissal of the Dvornekovics' state law claims on the basis that they are preempted by the federal Home Owners' Loan Act ("HOLA"), 12 U.S.C. §§ 1461 *et seq*. and the federal regulations codified at 12 U.S.C. § 560.2. The Dvornekovics argue that HOLA has limited authority and their state law claims must not be preempted because preemption would deprive them of basic state common-law remedies. Pls.' Am. Answer at 1. This Court reviews the Dvornekovics' assertions in the light most favorable to them. *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 925-26 (9th Cir. 1996). For the reasons noted below, the Dvornekovics' claims are preempted under HOLA and thus, are dismissed.

## II.   ANALYSIS

Congress enacted HOLA in 1933 to restore public confidence in home lending practices by creating a uniform system of regulation. *Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 160-61 (1982). "Congress plainly envisioned that federal savings and loans would be governed by what the Board[1]-not any particular State-deemed to be the 'best practices'." *Id.* at 162 (internal citations omitted).   HOLA authorizes the Board, now known as the Office of Thrift Supervision (OTS), to promulgate regulations "that preempt state laws affecting the operations of federal savings associations."  12 C.F.R. § 560.2(a).

To determine if a law is preempted by HOLA, courts must first ask whether the claimed violation relates to any of the subjects listed in § 560.2(b).  This list includes laws regarding "terms of credit, including amortization of loans," "security property," "disclosure and advertising," "sale or purchase of… mortgages," "disbursements and repayments," and "usury

---

[1] The "Board" the Court refers to is the Federal Home Loan Bank Board.  The Board was abolished in 1989 by the Financial Institutions Reform, Recovery, and Enforcement Act, PL 101-73 (1989), and the Office of Thrift Supervision (OTS) was created in its place.  *Dougherty v. Carver Fed. Sav. Bank*, 113 F.3d 613, 616 (9th Cir. 1997).

and interest rate ceilings," among other things.   § 560.2(b)(1)-(12).   If a state law claim falls

under the subjects listed in paragraph (b), the state law claim is preempted pursuant to paragraph

(a), and the analysis ends there.

However, if the state law in question does not directly fall under the subjects in paragraph

(b), then the court may analyze the claim under § 560.2(c).   Although the general presumption

against preemption dictates that state law is supreme to federal law, that is not so when there is a

history of federal regulation.   *United States v. Locke*, 529 U.S. 89, 108 (2000).   "[B]ecause there

has been a history of significant federal presence in national banking, the presumption against

preemption of state law is inapplicable."   *Bank of Am. v. City and County of S.F.*, 309 F.3d 551,

558 (9th Cir. 2002).   Thus, in the case of OTS regulations, the presumption is that federal law

preempts and that presumption is only overcome by a showing that the state law fits under

§560.2(c).   "Any doubt should be resolved in favor of preemption."   *Silvas*, 514 F.3d at 1006,

*quoting* OTS Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996).

If using state law to address a claim would only incidentally affect lending operations as

a whole, then paragraph (c) is applicable.   "OTS did not… intend to preempt state laws of

general applicability that have only an incidental effect on the lending operations of federal

savings associations."   *Fultz v. World Savings and Loan Ass'n*, 571 F.Supp.2d 1195, 1196 (W.D.

Wash. 2008).   However, the OTS has specifically noted that paragraph (c) should be narrowly

interpreted.   OTS Final Rule, 61 Fed. Reg. at 50966-67.   "OTS wishes to make clear that the

purpose of paragraph (c) is to preserve the traditional infrastructure of basic state laws that

undergird commercial transactions, not to open the door to state regulation of lending by federal

savings associations."   *Id.* at 50966.

The first issue is whether the Dvornekovics' claims are within the categories listed in § 560.2(b).

The Dvornekovics' claims center on the notion that Wachovia breached its contract when it failed to make a loan and by charging interest on that loan. Pls.' Am. Compl. ¶s 51, 59. The Dvornekovics allege that "[a]ny interest on money that was not loaned, is usury in the extreme." Id. at ¶ 60. The Dvornekovics also claim that Wachovia breached its contract because the language in the note and the Deed of Trust ("deed") state that a loan was "received," and yet there is "NO evidence of a loan disbursement." Id. at ¶s 44-49. Finally, the Dvornekovics argue that the "deceptive wording" of the note and the deed indicate that a loan had taken place, but since no cash disbursement ever occurred, no loan had, in fact, been given. Id. at ¶s 54, 55. The Dvornekovics assert that these false statements are evidence that Wachovia has violated RCW 19.86.020, the Washington Consumer Protection Act governing Deceptive and Unfair Business Practices. Id. at ¶ 57.

All of the Dvornekovics' claims fall under the subjects regulated by § 560.2(b). Loan disbursements are specifically listed in § 560.2(b)(11) as state laws that are preempted. The language or alleged "deceptive wording" and "false statements" of the note and deed center on the "terms of credit," which are listed in § 560.2(b)(4) as preempted. And finally, the claim that any interest charged on the loan is usury is preempted by § 560.2 (b)(4), (b)(5) and (b)(12), which preempt state claims based on "terms of credit, including amortization of loans and the deferral and capitalization of interest," "loan-related fees," and "[u]sury and interest rate ceilings," respectively.

The Dvornekovics urge the Court to analyze their state law claims under § 560.2(c) because contract law is listed as an exempted state law. § 560.2(c)(1). However, the fact that

contract law is listed is not enough to overcome preemption.  An analysis under paragraph (c) requires the Court to determine if the state law claim in question has an incidental affect on lending practices or if it is otherwise inconsistent with the purposes of the regulations.   § 560.2(c).  The Washington Supreme Court has stated that "'[i]ncidental' involves an ancillary or subordinate effect that is an unintended result." *McCurry v. Chevy Chase Bank, FSB*, 169 Wn.2d 96, 107 (2010).   The court found that asking parties to adhere to their contract terms may have unintended and ancillary effects on lending practices, but they are subordinate to the purposes of contract law.  *Id.* at 108.  Ultimately, the court held that charging fax fees that were not permitted by the deed had only an incidental effect on lending and thus, the breach of contract claim was not preempted by § 560.2(a).  *Id.* at 99.

Paragraph (c) asks if the state law claims affect lending operations as whole.  In this case, the Dvornekovics ask the Court to find that not disbursing actual monetary funds in exchange for a promissory note constitutes a breach of contract.  Assuming that this is a valid claim, the impact of this Court granting such a request would be neither subordinate nor unintended. It would be a fundamental change in the way lending associations operate.  Rarely, if ever, does a borrower actually receive cash when purchasing a home.  The lender puts the money into escrow in exchange for the borrower's promise to pay, secured by a mortgage on the purchased property. The funds are then disbursed to the seller (and his lender) in exchange for a deed to the property in the borrower's name.  Even if the Court were to find Wachovia's actions were a breach of some unidentified contract, it would be precluded from ruling on the claim under state law because the impact would be more than incidental, and state law claims that have more than an incidental impact on lending are preempted pursuant to § 560.2(c).

The Dvornekovics also argue that preemption would result in the deprivation of their basic contract law remedies.  The Dvornekovics rely on *Mincey v. World Savings Bank, FSB*, 614 F.Supp. 2d 610 (D.S.C. 2008).  In *Mincey*, plaintiffs alleged that World Savings Bank breached its contract when it applied payments only to interest when the contract had stated payments would be applied to interest and principal.  The court held, based on *In re:Ocwen Loan Servicing, LLC Mortgage Servicing Litigation*, 491 F.3d 638 (7th Cir. 2007), that "a breach of contract claim is not preempted to the extent that it alleges a conventional breach of contract claim."  *Mincey*, 614 F.Supp. 2d at 643.  In *Ocwen*, Judge Posner stated that OTS's "authority does not deprive persons harmed by the wrongful acts of savings and loan associations of their basic state common-law-type remedies."  *Ocwen*, 491 F.3d at 643.

 The Dvornekovics' claim is not merely that of standard breach of contract.  Instead, the Dvornekovics assert that Wachovia's whole mortgage system is problematic.  This is a claim that universally affects lending practices, and falls within the OTS's "exclusive authority to … set[] standards for processing and servicing mortgages."  *Id.*  Not distributing the actual loan funds to a purchaser is not a breach of contract (again, assuming it is a breach at all) that is unique to the Dvornekovics' contract.  The well-established escrow procedure is widely used among all lenders, and asking this Court to rule on a purported breach is an attempt to use state contract law to regulate lending institutions.  The OTS has strictly forbidden such action.

Finally, even if the claims were not preempted, and even if the breach of contract claim did fall under § 560.2(c)(1) so as to render judgment from this Court proper, the Dvornekovics have failed to actually prove there was a breach of contract.  "A breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant."  *Northwest Ind. Forest Mfrs. v. Dep't of Labor and Industries*, 78

Wn.App. 707, 712 (1992).  The Dvornekovics and Wachovia entered into a contract under which the Dvornekovics would pay a set amount to Wachovia, in return for Wachovia funding the Dvornekovics' home.

The contract in question was the Dvornekovics' note, and the subsequent deed.   First, the Dvornekovics argue that the signatures on the note and the deed are not theirs.   This claim is fatally inconsistent with the claim that there was a contract to breach.  That aside, the "duty" imposed by the contract was that of Wachovia financing the purchase of the Dvornekovics' home in return for the Dvornekovics' promise to pay back the mortgage loan.   Wachovia financed the home, which the Dvornekovics lived in until they defaulted on their mortgage payments.   The Dvornekovics' claims are conclusory allegations that have no evidentiary support to show how Wachovia breached its duty.  Thus, the Dvornekovics have failed to state a claim upon which relief may be granted.

## III.  CONCLUSION

The Defendants' Motion to Dismiss [Dkt. #30] is GRANTED and the Dvornekovics' state claims against them are DISMISSED.  Because the Dvornekovics' claims are preempted by federal law, and because they have failed to state a claim upon which relief can be granted, the dismissal is WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated this 26th day of October, 2010.


RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE


ORDER - 7